UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY DEANGELIS, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:16cv472(MPS) |
| : | |
| PROPERTY OFFICER COWELS, ET AL., : | |
|     Defendants. : | |

**<u>INITIAL REVIEW ORDER</u>**

The plaintiff, Jeffrey DeAngelis, is incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut. He has filed a complaint naming Property Officer Cowels, Property Supervisor John Doe, and Counselor Michelle King as defendants. For the reasons set forth below, the complaint is dismissed.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that

includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

The plaintiff claims that on November 14, 2014, officials at Garner Correctional Institution transferred him to Enfield Correctional Institution. During his admission to Enfield, Property Officer Cowels confiscated the plaintiff's religious gold cross and gold necklace as unauthorized property. Property Officer Cowels gave the plaintiff receipts indicating the items would be stored in a safe by the Department of Correction.

Three days later, medical officials at Enfield issued an order to transfer the plaintiff to Osborn Correctional Institution. When the officers inventoried the plaintiff's property at Enfield prior to his transfer and then again upon his arrival at Osborn, the plaintiff's gold cross and necklace were not found and were not listed on the plaintiff's property inventory. The plaintiff believes that Officer Cowels stole his gold chain and cross.

The plaintiff alleges that he submitted requests and letters to Property Supervisor John Doe regarding the theft of his religious chain and artifact by Officer Cowels. On or about December 6, 2014, a property officer at Osborn notified Property Supervisor John Doe regarding the plaintiff's missing property.

On June 28, 2015, the plaintiff filed a lost property form and attached one of the receipts that he had received from Officer Cowels indicating his necklace and cross had been confiscated

and stored on November 14, 2014. Counselor King assigned the plaintiff's property claim a number and provided him with an administrative remedy receipt. Counselor King informed the plaintiff that she spoke to Property Officer Cowels and Supervisor John Doe about his missing necklace and chain.

On August 20, 2015, Counselor King informed the plaintiff that she had lost the receipt documenting the confiscation of his necklace and chain. On September 4, 2015, Counselor King denied the plaintiff's property claim because there was no proof of the chain or cross. The plaintiff claims that Officer Cowels stole his cross and chain, Supervisor John Doe failed to remedy the loss or theft of his property, and Counselor King conspired with Officer Cowels to misplace the receipt for his lost items and to deny his claim.

## I. Official Capacity Claims

For relief, the plaintiff seeks monetary damages as well as injunctive relief. He claims to sue the defendants in their individual capacities only. To the extent that the plaintiff seeks injunctive relief in the form of an order that Officer Cowels be prosecuted for larceny and that a warrant be issued to search the home of defendant Cowels, the relief requested is denied. "The law is clear that inmates do not enjoy a constitutional right to an investigation of any kind by government officials." *Banks v. Annuci*, 48 F. Supp. 3d 394, 414 (N.D.N.Y. 2014) (citations omitted). Nor is a victim of allegedly criminal conduct entitled to a criminal investigation or the prosecution of the alleged perpetrator of the crime. *See Leeke v. Timmerman*, 454 U.S. 83, (1981) (inmates alleging beating by prison guards lack standing to challenge prison officials' request to magistrate not to issue arrest warrants); *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("in American jurisprudence at least, a private citizen lacks a judicially cognizable

interest in the prosecution or nonprosecution of another"); *McCrary v. County of Nassau*, 493 F. Supp. 2d 581, 588 (E.D.N.Y. 2007) ("A private citizen does not have a constitutional right to compel government officials to arrest or prosecute another person."); *Osuch v. Gregory*, 303 F. Supp. 2d 189, 194 (D. Conn. 2004) ("An alleged victim of a crime does not have a right to have the alleged perpetrator investigated or criminally prosecuted."). Thus, the plaintiff does not have the right to have Officer Cowels prosecuted for theft or larceny or to have a judge issue a warrant to search Officer Cowels' home. The requests for injunctive relief seeking the prosecution of Officer Cowels and the search of his home are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

The plaintiff's claims for injunctive relief seeking an order to remove Counselor King from her position as an Administrative Remedies Coordinator at Corrigan and to direct the defendants not to retaliate against him are moot. The plaintiff is now confined at MacDougall-Walker Correctional Institution. "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983). Thus, an inmate's requests for injunctive and declaratory relief against correctional staff or conditions of confinement at a particular correctional institution become moot when the inmate is discharged or transferred to a different correctional institution. *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2011) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief") (citing *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (per curiam); *Young v. Coughlin*, 866 F.2d 567, 568 n.1 (2d Cir.), *cert. denied*, 492 U.S. 909 (1989); *Mawhinney v. Henderson*, 542 F.2d 1, 2 (2d Cir. 1976). The claims seeking injunctive relief with regard to possible retaliation by the defendants

who are employees at Corrigan and Enfield and the removal of defendant King from her job at Corrigan are dismissed as moot.

## II.     Property Claims

The plaintiff alleges that Officer Cowels deprived him of his religious items and Property Supervisor Doe failed to facilitate the return of the items in violation of his constitutional rights under the Fifth and Fourteenth Amendments. The Supreme Court has found that the Due Process Clause of the Fourteenth Amendment is not violated when a prison inmate loses personal belongings due to the negligent or intentional actions of correctional officers if the state provides an adequate post-deprivation compensatory remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543 (1981). The holding in *Hudson* is also applicable to claims that the defendants deprived an inmate of his or her property without due process of law in violation of the Fifth Amendment. *See Crum v. Dupell*, No. 9:06-CV-512 (FJS/GJD), 2008 WL 902177, at *4 (N.D.N.Y. Mar. 31, 2008) (citing cases).

The State of Connecticut provides an adequate remedy for the kind of deprivation the plaintiff alleges. *See* State of Connecticut Department of Correction Administrative Directive 9.6(16) (Oct. 1, 2011) (providing Department of Correction's "Lost Property Board shall hear and determine any claim by an inmate in a correctional facility who seeks compensation not to exceed . . . ($3,500.00) for lost or damaged personal property" and that inmate may pursue his property claim with the Connecticut Claims Commissioner if the Board denies the claim completely or in part); (Conn. Gen. Stat. § 4-141 *et seq*. (providing that claims for payment or refund of money by the state may be presented to the Connecticut Claims Commission); *see also, e.g.*, *S. v. Webb*, 602 F. Supp. 2d 374, 386 (D. Conn. 2009) (finding Connecticut has sufficient

5

post-deprivation remedies for seizures of property by state officials). This state remedy is not rendered inadequate simply because plaintiff anticipates a more favorable remedy in federal court or it may take a longer time under the state system before his case is resolved. *See Hudson*, 468 U.S. at 535.

The plaintiff alleges that he submitted a lost property form pursuant to State of Connecticut Department of Correction Administrative Directive 9.6(16)B and attached one of the receipts that he had received from Officer Cowels indicating his necklace and cross had been confiscated and stored on November 14, 2014. Counselor King assigned the plaintiff's property claim a number and provided him with an administrative remedy receipt. On August 20, 2015, Counselor King informed the plaintiff that she had lost the receipt that documented the confiscation of his necklace and chain and its alleged placement in storage. On September 4, 2015, Counselor King denied the plaintiff's property claim because there was no proof of the chain or cross.

The plaintiff does not allege that he filed a claim with the Office of the Claims Commissioner as provided in Administrative Directive 9.6(16) (providing that inmate may present the property claim to the Claims Commissioner after the Lost Property Board denies a claim in whole or in part); Conn. Gen. Stat. § 4-141 *et seq*. (providing that claims for payment or refund of money by the state may be presented to the Connecticut Claims Commission). Thus, the plaintiff has not alleged that the Department of Correction's property claims procedures are inadequate. *See Edwards v. Erfe*, 588 F. App'x 79, 80-81 (2d Cir. 2015) (affirming dismissal of inmate's deprivation of property claim on the ground that the inmate had not alleged that process provided by the State of Connecticut, including the opportunity to seek relief through the Office

of the Claims Commissioner, was inadequate). The Fifth and Fourteenth Amendment property claims against the defendants are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

### III. Fourth Amendment Claim

The plaintiff also claims that the seizure of his religious jewelry by Officer Cowels violated the Fourth Amendment. The Fourth Amendment to the United States Constitution protects "[]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.

During the admission process at Enfield, Officer Cowels allegedly stated that he must confiscate the plaintiff's religious jewelry because it was unauthorized. The plaintiff claims that the seizure of his religious chain and cross was unreasonable because he was permitted to possess the items at Garner Correctional Institution. The Supreme Court has held that the "Fourth Amendment proscription against unreasonable searches" and seizures does not apply to searches or seizures of inmate property by prison officials. *See Hudson*, 468 U.S. at 526 & 528 n.8. Thus, the plaintiff's claim that defendants Cowels violated his Fourth Amendment rights when they seized his religious items is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

### IV. Retaliation Claim

The plaintiff alleges that John Doe Supervisor and Counselor King made a decision to discard the receipt that Officer Cowels had given him as proof of his ownership of a gold chain and cross in retaliation for his pursuing a claim for the missing chain and cross. He claims that he has a right "to seek redress free from retaliation."

The Second Circuit has "instructed district courts to approach prisoner retaliation claims

7

with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act." *Dolan v*. Connolly, 794 F.3d 290, 295 (2d. Cir. 2015). Such claims thus must be "supported by specific and detailed factual allegations, not stated in wholly conclusory terms." *Id.* (internal quotation marks omitted). To state a First Amendment retaliation claim, the plaintiff must show "(1) that the speech or conduct at issue was protected [by the Constitution or federal law], (2) that the defendant took adverse action against . . . [him], and (3) that there was a causal connection between the protected speech and the adverse action. *Id.* at 294 (internal quotation marks and citation omitted).

The plaintiff's allegations are not sufficiently specific and detailed to plead a First Amendment retaliation claim. The plaintiff alleges only that he filed a lost property claim form, attaching a receipt that listed the gold chain and cross, and that Defendant King later told him that she had lost the receipt and later denied the claim. There are no detailed allegations to suggest that Counselor King deliberately lost his property receipt in retaliation for his filing a claim to be reimbursed for the loss of his property. Thus, the allegation of retaliatory conduct on the part of defendants King and Doe fails to state a plausible claim under the First Amendment and is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

**V.      Impediment to Practice of Religion**

The plaintiff claims that the confiscation of his gold cross and necklace by Officer Cowels violated his First Amendment rights by depriving him of religious jewelry. The First Amendment to the United States Constitution provides, in relevant part: "Congress shall make no

law respecting an establishment of religion, or prohibiting the free exercise thereof ...." U.S. Const. amend. I. It is well-established that an inmate has a First Amendment right to exercise his or her chosen religion. *See Cruz v. Beto*, 405 U.S. 319 (1972) (per curiam). This right is not unlimited and may be subject to restrictions based on valid penological objectives, including institutional safety and security. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). The Second Circuit has recognized that when assessing a First Amendment Free Exercise claim, the Court must balance the constitutional rights of inmates with "the interests of prison officials charged with complex duties arising from administration of the penal system." *Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003) (internal quotation marks and citation omitted).

The standard to be applied by courts to a free exercise claim is one of reasonableness and is less restrictive than the standard routinely applied to alleged violations of fundamental constitutional rights. *See id.* (citations omitted). A prison regulation that impinges on inmate's right to freely exercise his religion is valid "if it is reasonably related to legitimate penological interests." *O'Lone*, 482 U.S. at 349. An individualized decision to deny an inmate the ability to engage in a religious exercise is analyzed under the same standard. *See Saluddin v. Goord*, 467 F.3d 263, 274, n.4 (2d Cir. 2006) (citations omitted).

To state a claim under the Free Exercise Clause of the First Amendment, a prisoner must make a threshold showing "that the disputed conduct substantially burden[ed] his sincerely held religious beliefs." *Id.* at 274-75. The determination of whether an inmate's conduct is motivated by religious beliefs that are sincerely held is not based on the objective reasonableness of the inmate's belief. Instead, the court must only consider "whether a claimant sincerely holds a particular belief and whether the belief is religious in nature." *Ford*, 352 F.3d at 590.

9

The plaintiff's allegation that Officer Cowels improperly confiscated or stole his religious jewelry does not state a plausible claim of a violation of the plaintiff's First Amendment right to practice his religion. The plaintiff asserts no facts to suggest that the deprivation of his gold cross or chain substantially burdened sincerely held religious beliefs. Thus, this First Amendment claim is dismissed without prejudice.  *See* 28 U.S.C. § 1915A(b)(1).

**VI. State Law Claims**

To the extent the plaintiff pleads any state law claims, the Court declines to exercise supplemental jurisdiction over them. 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

**ORDERS**

The Court enters the following orders:

(1) The claims in the Complaint [**Doc. No. 1**] are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The court will permit the plaintiff leave to file an amended complaint with regard to his First Amendment claims provided (1) he can assert facts to show that the defendants substantially burdened his religious beliefs when Officer Cowels confiscated his chain and cross and did not return them when officials transferred him to Osborn, three days later, and (2) he can assert detailed allegations to support his retaliation claim. The amended complaint may also replead his Fifth and Fourteenth Amendment claims as long as it includes factual allegations showing why presentation of his claim to the Claims Commission would be an inadequate remedy. Any amended complaint must be filed within thirty days of the date of this order.

(2) If the plaintiff chooses not to file an amended complaint within the time specified, the Clerk is directed to enter judgment for the defendants and close this case.

SO ORDERED at Hartford, Connecticut this 18th day of August, 2016.

/s/
Michael P. Shea
United States District Judge

11